Ester **RODRIGUEZ**, as Public Administrator of the Estate of Gregory **DARBY**, Deceased, Plaintiff–Appellee,

v.

David **WALRATH**, Dr., Medical Director of Willard Drug Treatment Campus, Martin Buonanno, Asat PA, at Willard Drug Treatment Campus and Mary Behm, Parole Officer, at Willard Drug Treatment Campus, Defendants–Appellants,

---

Downstate Correctional Facility, John McGinnis, Superintendent, of Downstate Correctional Facility, Annie Eckert, Dr., Medical Director of Downstate Correctional Facility, Paul Wilson, M.D., M.D., at Downstate Correctional Facility, Willard Drug Treatment Campus, Thomas Eisenschmidt, Superintendent, of Willard Drug Treatment Campus, M. Behon, P.O., at Willard Drug Treatment Campus and Lester Wright, Dr., Executive Health Director of Health Services of The Department of Correctional Services, Defendants.

No. 03–7456.

United States Court of Appeals, Second Circuit.

April 22, 2004.

Robert G. Androsiglio, Radna & Androsiglio, New York, NY, for Plaintiff–Appellee.

Kimberly Ann Dasse, Assistant Attorney General, for Eliot Spitzer, Attorney General of the State of New York (Michelle Aronowitz, Deputy Solicitor General, David Lawrence III, Assistant Solicitor General, Bruce A. Brown, Assistant Attorney General, on the brief), for Defendants–Appellants.

PRESENT: LEVAL, CALABRESI, Circuit Judges, and RAKOFF, District Judge.[*]

SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff's decedent, Gregory Darby, was convicted, in state court, of fifth degree possession of a controlled substance,. and was sentenced to a period of incarceration, which he was permitted to serve by provisional assignment to a "boot camp" drug treatment program at the Willard Drug Treatment Campus ("Willard"). While at Willard, Darby quickly became very seriously and ultimately desperately ill. He died shortly after his release from the facility. Plaintiff brought this claim under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to Darby's serious medical needs, in violation of the Eighth Amendment. Most of the defendants were dismissed from the action. The remaining defendants moved for summary judgment, claiming that they were entitled to qualified immunity. The district court denied the motion, and these defendants now appeal.

We have jurisdiction over an appeal from the denial of qualified immunity "where the defendant contends that on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find, the immunity defense is established as a matter of law...." *See Salim v. Proulx,* 93 F.3d 86, 90 (2d Cir.1996). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (internal citation omitted).

It is undisputed that Darby had serious medical needs. The question of whether

[*] The Honorable Jed S. Rakoff, U.S. District Judge for the Southern District of New York, sitting by designation.

the care that defendant-appellant Dr. David Walrath provided to Darby was merely negligent, as Walrath asserts, or instead evinced deliberate indifference, is, as the district court found, one that cannot be resolved as a matter of law in favor of the defendant on the facts Walrath must, on his appeal from the denial of qualified immunity, be deemed to have conceded. The question of whether a jury could infer that defendants-appellants Martin Buonanno and Merry Ann Behm, who were not medical personnel but who may, according to the district court, have had "input regarding Darby's treatment and at least some responsibility for making sure Darby received the care he needed," were deliberately indifferent is a closer one. But as the district court concluded, on some of the facts presented, a jury could find that these defendants failed to do what they could have done to avoid the risk to Darby's health, because, through deliberate indifference, they believed he was malingering.

We of course express no opinion as to whether the facts as we must take them to be at this stage of the proceedings are true. Nor can we say whether, even assuming those facts to be true, a jury would find deliberate indifference. To preclude qualified immunity at this time, however, it is enough that a jury could, on those assumed facts, find that level of indifference.

We have reviewed all of the defendants' claims and find them meritless. We therefore AFFIRM the district court's denial of qualified immunity to defendants Buonanno, Behm, and Walrath, for substantially the reasons stated by the court below.